**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**ARMSTEAD FISHER,**

             **Plaintiff,**          5:10-cv-1117 (GLS)

    **v.**

**MICHAEL ASTRUE,** Commissioner of Social Security,

             **Defendant.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:**<br>Bond, McDonald Law Firm<br>91 Genesee Street<br>Geneva, NY 14456 | WILLAM J. McDONALD, JR., ESQ. |
| **FOR THE DEFENDANT:**<br>HON. RICHARD S. HARTUNIAN<br>United States Attorney<br>100 South Clinton Street<br>Syracuse, NY 13261<br><br>Mary Ann Sloan<br>Regional Chief Counsel<br>Social Security Administration<br>Office of General Counsel, Region II<br>26 Federal Plaza, Room 3904<br>New York, NY 10278 | DENNIS J. CANNING<br>ELIZABETH D. ROTHSTEIN<br>Special Assistant U.S. Attorneys |

**Gary L. Sharpe**
**Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff Armstead Fisher challenges the Commissioner of Social Security's denial of Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) and seeks judicial review under 42 U.S.C. §§ 405(g) and 1383(c)(3). (*See* Compl., Dkt. No. 1.) Upon reviewing the administrative record and carefully considering the arguments, the Commissioner's decision is reversed and remanded.

## II. Background

On, March 6, 2000, Fisher filed applications for DIB and SSI under the Social Security Act (the Act), alleging disability since February 28, 1991. (Tr.[1] at 175, 877.) After his application was denied, Fisher requested a hearing before an Administrative Law Judge (ALJ), which was held on May 27, 2008.[2] (*Id.* at 151, 1437-1501.) On July 24, 2008, the ALJ issued a decision denying the requested benefits, which became the Commissioner's final decision upon the Social Security Administration Appeals Council's denial of review. (*Id.* at 12-15, 20-44.)

Fisher commenced the present action by filing a complaint on

---

[1] "(Tr. )" refers to the page of the Administrative Transcript in this case. (*See* Dkt. Nos. 7, 10.)

[2] On two previous occasions, Fisher's application was initially denied by an ALJ, but subsequently vacated and remanded by the Appeals Council. (*See* Tr. at 20.)

2

September 20, 2010, seeking review of the Commissioner's determination. (Compl., Dkt. No. 1.) The Commissioner filed an answer and a certified copy of the administrative transcript. (Dkt. Nos. 5, 7, 10.) Each party, seeking judgment on the pleadings, filed a brief. (Dkt. Nos. 12, 13.)

### III. Contentions

Fisher contends that the Commissioner's decision is not supported by substantial evidence or the appropriate legal standards. Specifically, Fisher claims the ALJ: (1) improperly rejected the hearing testimony of Aaron Satloff, M.D.; (2) incorrectly found that he could return to his past relevant work; and (3) failed to identify any medical opinion as the basis for her Residual Functional Capacity ("RFC") findings. (*See* Dkt. No. 12 at 7-21.) The Commissioner counters that substantial evidence supports the ALJ's decision. (*See generally* Dkt. No. 13.)

### IV. Facts

The evidence in this case is undisputed and the court adopts the parties' factual recitations. (*See* Dkt. No. 12 at 1-6; Dkt. No. 13 at 1-8.)

### V. Standard of Review

The standard for reviewing the Commissioner's final decision under 42 U.S.C. § 405(g) is well established and will not be repeated here. For a

full discussion of the standard and the five-step process used by the Commissioner in evaluating whether a claimant is disabled under the Act, the court refers the parties to its previous opinion in *Christiana v. Comm'r of Soc. Sec. Admin.*, No. 1:05-CV-932, 2008 WL 759076, at *1-2 (N.D.N.Y. Mar. 19, 2008).

## VI.  Discussion

Though Fisher claims the ALJ erred in three distinct ways, his third argument—regarding the ALJ's RFC assessment—is dispositive.  (*See* Dkt. No. 12 at 7-21.)  Because this error requires remand—which consequently will involve reconsideration of the medical evidence and Fisher's past relevant work—the court need not address Fisher's first and second contentions.

### A.    ALJ's RFC Assessment

Fisher argues—and the Commissioner concedes—the ALJ erred at step four because, *inter alia*, her RFC assessment was unsubstantiated and failed to address Fisher's "ability to perform more than unskilled work." (Dkt. No. 12 at 17-20; Dkt. No. 13 at 20.)  Rather than seeking remand to correct the error, the Commissioner claims that the ALJ's failures were harmless and her ultimate determination was appropriate.  (*See* Dkt. No.

4

13 at 20-22.)  The court disagrees.

A claimant's RFC "is the most [he] can still do despite [his] limitations." 20 C.F.R. § 404.1545(a)(1).  In assessing a claimant's RFC, an ALJ must consider "all of the relevant medical and other evidence," including a claimant's subjective complaints of pain.  *Id.* § 404.1545(a)(3). An ALJ's RFC determination must be supported by substantial evidence[3] in the record.  *See* 42 U.S.C. § 405(g).  If it is, that determination is conclusive and must be affirmed upon judicial review.  *See id.*; *Perez v. Chater*, 77 F.3d 41, 46 (2d Cir. 1996).  On the contrary, the ALJ's "failure to specify the basis for a conclusion . . . is reason enough to vacate [the] decision." *White v. Sec'y of Health & Human Servs.*, 910 F.2d 64, 65 (2d Cir. 1990) (internal citations omitted); *see also* SSR 96-8P, 1996 WL 374184, at *7 (July 2, 1996) ("The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations).").

---

[3] "Substantial evidence is defined as more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept to support a conclusion." *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990) (internal quotation marks omitted).

5

Here, the ALJ "failed to specifically identify the opinions, if any, she was weighing," and to perform the requisite evaluation of them in accordance with 20 C.F.R. § 404.1527.  (Dkt. No. 12 at 20.)  Though she stated that Dr. Neerukonda's opinion "had limited utility," and the state review psychologist's opinion "was given some weight," the ALJ cited neither as bases for her decision.  (*See* Tr. at 31-42.)  Indeed, it is unclear whether the ALJ applied the correct legal standards; appropriately weighed the evidence of record; and most importantly, if substantial evidence supports the denial of benefits.  *See Schaal v. Apfel*, 134 F.3d 496, 504-05 (2d Cir. 1998).  Because "the propriety of agency action must be evaluated on the basis of stated reasons," the ALJ's conclusory findings cannot be sustained, *Treadwell v. Schweiker*, 698 F.2d 137, 142 (2d Cir. 1983), and remand for further administrative proceedings is appropriate,[4] *see, e.g.*, *Rosa v. Callahan*, 168 F.3d 72, 82-83 (2d Cir. 1999).

## B. Remaining Findings and Conclusions

In light of the court's decision to remand for further administrative proceedings, the court need not review the remainder of the ALJ's decision

---

[4] Notably, the court's decision marks the third time that a reviewing body has reversed an ALJ's decision with respect to Fisher's application.  (*See* Tr. at 20.)

to determine if it is supported by substantial evidence.

## VII.  **Conclusion**

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the decision of the Commissioner is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for proceedings consistent with this Order; and it is further

**ORDERED** that the Clerk close this case and provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

January 31, 2012
Albany, New York

_____
Gary L. Sharpe
Chief Judge
U.S. District Court